JOHN YOUNG

*v.*

JAMES T. COOPER *et al.*

ATTACHMENT—*whether it will lie.* A suit by attachment will lie upon a judgment recovered in the same court in which the suit is brought, and this although the plaintiff is entitled to execution upon the judgment at the time of issuing the writ. An indebtedness upon a judgment comes clearly within the meaning of the first section of the attachment act.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

On the 14th day of December, 1870, the following affidavit was made before the clerk of the Circuit Court of Madison county, viz: "John Young, on oath, states that Jesse Stanley and James T. Cooper are indebted to him in the sum of five hundred and seventy-seven and seventy-five one hundredths dollars, ($577.75) upon a judgment rendered against them in his favor in the Madison circuit court, with legal interest on said judgment from the May term of said court, A. D. 1870; that James T. Cooper, one of the above named parties so indebted to this affiant, has fraudulently conveyed his property so as to hinder and delay his creditors, within two years prior to the filing of this affidavit, and that said Cooper has fraudulently disposed of his property so as to hinder and delay his creditors within two years, and affiant prays that an attachment may issue against the said James T. Cooper and Jesse Stanley as is provided by law."

On the same day, Young filed his bond in said court, and the clerk issued the writ of attachment.

The writ of attachment commands the sheriff to attach the property, etc., of James T. Cooper, and also to summon the Manhattan Insurance Company, the Lorillard Insurance

Company, and Franklin Hewit as garnishees. The sheriff made the following return on said writ: "I have duly served the within by reading and leaving two copies thereof to the within named Franklin Hewit, president of the within named Manhattan Insurance Company; Lorillard Insurance Company, non-residents, this 21st day of December, 1870."

At the February special term of said court, a motion was made by the defendants to quash the writ of attachment, for the reason that an attachment could not be sued out on a judgment already obtained by the same plaintiff against the same defendant, when the judgment was in full force and effect, and in the same court. The court sustained the motion, to which the plaintiff then and there excepted, and gave judgment against the plaintiff for costs.

The plaintiff appeals.

Mr. CHARLES P. WISE, for the appellant.

Mr. DAVID GILLESPIE, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a suit commenced by attachment, in the Madison circuit court. The appellant's affidavit for the writ, set out a judgment recovered by him at the May term, A. D. 1870, of the same court, against appellee and one Stanley for $577.75.

Upon motion of appellee, the court below quashed the writ, upon the ground that a suit by attachment will not lie upon a judgment recovered in the same court where the suit is brought.

That an action of debt will lie upon the judgment of the same court in which such action is brought, even though the plaintiff in the judgment is entitled to execution upon it, at the time of bringing his action, was decided by this court in *Greathouse* v. *Smith*, 3 Scam. R. 541, and the propriety of the decision, it is believed, has never been questioned.

An indebtedness arising upon a judgment is as fully within the meaning of the first section of the attachment act (R. S. 63,) as any other recognized by the law.

The judgment of the circuit court, dismissing the attachment, is reversed and the cause remanded.

*Judgment reversed.*