[No. 615.  Decided January 22, 1890.]

SAMUEL J. BURNS v. JAMES J. CONNER.

JUDGMENT — REVIVAL — LIMITATIONS.

The proceeding prescribed by Code Wash. T., ch. 29, to revive the lien of a judgment, is not the commencement of an action; nor do the provisions of § 27 of the code, limiting to six years the time within which an action may be commenced upon a judgment or decree, apply to judgments rendered by the courts of this state.

*Error to District Court, Skagit County.*

The facts are stated in the opinion.

*W. R. Andrews (Orange Jacobs,* of counsel), for plaintiff in error.

The section under which the proceeding is brought is practically a legislative adoption of the common-law writ of *scire facias,* the only material difference being, that at common law the execution could not be issued after the lapse of a year and a day. The proceeding is a continuance of the original action in order to revive the judgment, and is not a new action. 8 Bac. Abr. 589; 5 Wait's Act. and Def. 641 and 643; *Brown v. Hailey,* 2 Fla. 159; *Blackwell v. State,* 3 Ark. 320; *Hanley v. Adams,* 15 Ark. 232; *Watts v. Everett,* 47 Iowa, 271; *Tyler's Ex'rs v. Winslow,* 15 Ohio St. 364; Angell on Limitations, § 82 and notes; Freeman on Judgments, §§ 442–4; 2 Bouv. L. Dict. 499. The limitation does not apply to domestic judgments. *Murch v. Moore, supra; Tyler's Ex'rs v. Winslow, supra; Strong v. Barnhardt,* 5 Or. 499.

*G. M. Haller* and *Thomas Burke,* for defendant in error.

It is not material in this case whether § 27, Code Wash. T., includes domestic judgments; for if it does not, § 33 applies and bars the action after two years.

A reasonable construction would be to place domestic judgments, and those protected by § 1, art. IV, of the Federal Constitution, upon the same footing as to limitations. *Mason v. Cron'se,* 20 Cal. 217.

Every legal proceeding for the enforcement or protection of a private right is a civil action, under the code; and, at common law, the writ of *scire facias* was considered an action. Code Wash. T., § 21; *Humiston v. Smith,* 21 Cal. 130; *Cameron v. Young,* 6 How. Pr. 372; *Alden v.*

*Clark,* 11 How. Pr. 209; *Thurston v. King,* 1 Abb. Pr. 127; 2 Bouv. Dict., p. 499, and cases cited.

The statute applies to bar this motion whenever it has run against a new action upon the judgment. *Simpson v. Laselle,* 4 McLean, 352: *Lilly v. West,* 1 S. E. Rep. 834; 58 Vt. 564.

The opinion of the court was delivered by

ANDERS, C. J. — Plaintiff in error recovered judgment against the defendant in the court below, on the 4th day of December, 1878, for the sum of $611.42, together with interest and costs. No part of the judgment having been paid, in March, 1888, the plaintiff filed his motion in the court below, in pursuance of the provisions of chapter 29 of the Code of Washington, to revive said judgment and to continue the lien of the same, and for leave to issue execution.

To this motion the defendant interposed a demurrer, on the ground that the same did not state facts sufficient to constitute a cause of action, and because it appeared upon the face thereof that no judgment in said cause had been entered within six years before filing the motion.

From the judgment of the district court sustaining the demurrer the plaintiff appeals to this court, and assigns the decision of the court below as error.

We are of the opinion that the proceeding prescribed by statute to revive the lien of a judgment is not the commencement of an action, but only a mode by which to secure the fruits of an action already had and determined between the parties, and that § 27 of the code is not applicable thereto. 5 Wait's Actions and Defences, 641-643; *Murch v. Moore,* 2 Or. 189; *Tyler's Ex'rs v. Winslow,* 15 Ohio St. 364.

We are also of the opinion that § 27 of the code limiting to six years the time within which an action may be commenced upon a judgment or decree of any court of

the United States, or of any state or territory within the United States, when viewed in connection with chapter 29, does not apply to judgments rendered by the courts of this state or of the late territory.

The district court erred in sustaining the demurrer to plaintiff's motion. The judgment is therefore reversed, and the cause remanded to the court below with directions to overrule the demurrer.

HOYT, SCOTT, DUNBAR and STILES, JJ., concur.