[No. 678. Decided February 3, 1893.]

JOHN LAKE, *Appellant*, v. E. STEINBACH, *Respondent*.

PLEADING — ANSWER — NEW MATTER — LIMITATION OF ACTIONS — NON-RESIDENCE OF DEFENDANT — PRESUMPTION.

An answer which states that it "does not deny or admit" the allegations of plaintiff's complaint does not constitute "a general or specific denial," and is therefore insufficient under Code Proc., § 185.

Where an answer does not deny the facts stated in a paragraph of the complaint, but controverts the conclusion drawn by the

pleader from the facts stated, the answer does not traverse any material fact.

Where the facts stated in the complaint clearly show that more than six years have elapsed since the rendition of the judgment sued on, an answer alleging "that more than six years has elapsed since the cause of said action on said judgment accrued," does not set up new matter constituting a defense to the action and requiring a reply.

An action on a judgment is not barred because not commenced within six years after its rendition, where the complaint alleges, without denial in the answer, that the defendant was out of and absent from the State of Washington at the time said judgment was rendered, and did not come into or return to said state thereafter until less than six years prior to the commencement of the action.

The fact that defendant was a non-resident of the state at the time the cause of action against him accrued must be alleged affirmatively as a fact in his answer, in the absence of such averment in the complaint, in order to rebut the presumption of his residence within the state.

*Appeal from Superior Court, Pierce County.*

*Arthur Remington* (*Emmons & Emmons*, of counsel), for appellant.

*Shank & Murray*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant brought this action against the respondent to recover the amount due upon a judgment rendered in the State of Illinois.

The allegations of the complaint are as follows:

"*First:* That at the times hereinafter mentioned the circuit court of Winnebago county, in the State of Illinois, was a court of general jurisdiction, duly created and organized under and by virtue of the laws and constitution of said State of Illinois.

"*Second:* That on the 15th day of August, 1885, the plaintiff commenced an action in said court by the filing of a declaration; and that thereupon said defendant, E. Steinbach, on the same day, duly appeared in said action in said court, by his duly constituted and appointed attorney, and

duly waived service of process and admitted the cause of action alleged against him in said declaration, and the amount therein claimed to be due upon the promissory note therewith filed, and did then and there confess and consent to the entry of judgment against him in favor of said plaintiff, for the sum of four thousand one hundred and forty-one and $\frac{66}{100}$ dollars and costs of suit.

"*Third:* That thereupon such proceedings were had therein in said court, that on the 15th day of August, 1885, a judgment for the sum of four thousand one hundred and forty-one dollars and sixty-six cents, and costs, duly taxed at two dollars and seventy-five cents, was duly given, made and entered by said court in favor of the plaintiff, John Lake, and against the defendant, E. Steinbach.

"*Fourth:* That no part of said judgment has been paid or satisfied, except the sum of three thousand six hundred and forty-two dollars and twenty-two cents, and that there is now due and owing to said plaintiff, who is now the legal owner and holder of said judgment, from the said defendant, upon the said judgment, the sum of five hundred and two dollars and nineteen cents, together with the interest thereon at the rate of six per cent. per annum, from the 18th of September, 1885.

"*Fifth:* That said defendant, E. Steinbach, was out of and absent from the State of Washington at the time said judgment was entered and given as aforesaid, and did not come into or return to this state thereafter until less than six years prior to the commencement of this action."

To this complaint the defendant filed an answer consisting of the following averments:

"1. That he does not deny or admit the first (1), second (2) or third (3) allegations of plaintiff's complaint.

"2. In answer to the fourth (4) allegation of plaintiff's complaint, defendant denies that there is any money due and owing to said plaintiff on any judgment whatever obtained by said plaintiff against said defendant.

"3. Defendant neither admits nor denies the fifth (5) allegation contained in plaintiff's complaint.

"4. As a further answer to plaintiff's complaint, defendant alleges: *First:* That more than six years has elapsed

since the cause of said action on said judgment referred to in plaintiff's complaint accrued.''

The plaintiff believing that the answer neither controverted any of the material allegations of the complaint, nor contained any new matter constituting a defense or counter-claim, after waiting until the time for answering had expired, disregarded the same and moved for a default and for judgment. This motion was denied, and the plaintiff electing to stand upon his motion and failing to reply to what the defendant deemed new matter in the answer, the latter applied to the court for judgment on the pleadings, in accordance with § 200 of the Code of Procedure. The court granted defendant's motion and entered judgment dismissing the action and for costs against plaintiff. The plaintiff appeals, and contends that the court erred: (1) In denying his motion for judgment, and (2) in dismissing the action for failure to file a reply. And the question to be determined is, does this answer traverse any material fact alleged in the complaint, or set out any new matter constituting a defense to the action? If it does not, then the action of the court was clearly wrong.

In deciding this question we are to be governed wholly by the provisions of the statute. Code Proc., § 185. And the statute provides that —

''The answer of the defendant *must* contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant. . . . (2) A statement of any new matter constituting a defense or counter-claim, in ordinary and concise language without a repetition.'' *Ib.*, § 194.

It is further declared that ''every material allegation of the complaint . . . not controverted by the answer . . . shall be taken as true.'' *Ib.*, § 215.

Now, tested by the foregoing requirements, this answer is obviously insufficient. It neither denies generally nor

specifically any material allegation of fact alleged in the complaint. Indeed, the defendant explicitly states in the answer that he ''does not deny or admit'' the first, second, third and fifth allegations of the complaint, all of which are material. And while admitting all of the *facts* stated in the fourth paragraph, by not denying them, he controverts the mere conclusion drawn by the pleader from the facts stated, and ''denies that there is any money due and owing to the said plaintiff on any judgment whatever obtained by said plaintiff against said defendant.'' This is not such a denial as is contemplated by the statute, and it puts in issue no fact alleged. *Lightner v. Menzel*, 35 Cal. 452; *Nelson v. Murray*, 23 Cal. 338; *Buller v. Sidell*, 43 Fed. Rep. 116; *Watson v. Lemen*, 9 Col. 200 (11 Pac. Rep. 88). The denial of indebtedness is merely a denial of a legal conclusion, and is permissible only in cases where indebtedness is pleaded *as a fact*, without showing how it arose. Boone, Code Pleading, §§ 63, 67.

As to all of the material allegations of the complaint in this case, the defendant says he neither denies or admits them. In other words, he does not controvert them. And, not being controverted, the statute declares, in unmistakable language, that they *shall be taken as true.*

The facts alleged being true, it follows that the plaintiff was entitled to judgment for want of an answer, unless the allegation in the so called answer, ''that more than six years has elapsed since the cause of said action on said judgment referred to in plaintiff's complaint accrued,'' is new matter constituting a defense to the action. *Port v. Parfit*, 4 Wash. 369 (30 Pac. Rep. 328); *King v. Ilwaco, etc., Nav. Co.*, 1 Wash. 127 (23 Pac. Rep. 924).

We are of the opinion that it is not new matter, for the reason that it is not only consistent with, but fairly included in, the complaint. Indeed, the facts stated in the complaint clearly show that more than six years have

elapsed since the rendition of the judgment sued on, and the answer simply states the conclusion which necessarily follows from the facts alleged in the complaint, and can therefore, in no sense, be deemed new matter requiring a reply.

In dismissing the action the court below must have proceeded on the theory that it was barred because not commenced within six years after the judgment was rendered. But upon the admitted facts in the case the action was not barred, because the allegations of the fifth paragraph of the complaint brings it clearly within the provision in § 123 of the code, which is as follows:

"If the cause of action should accrue against any person who shall be out of the state or concealed therein, such may be commenced within the terms herein respectively limited after the return of such person into the state, or after the time of such concealment."

It is alleged in the complaint, and is not denied, that the defendant was out of and absent from the State of Washington at the time said judgment was rendered and given, and did not come into or return to said state thereafter until less than six years prior to the commencement of this action. And this refutes the idea that the purported new matter set up in the answer is a defense to this action.

It was urged by counsel for the respondent, on the argument, that § 123 is not applicable to this case, for the reason that when the cause of action accrued against him he was a non-resident of the state, and that this section only applies to residents of the state who leave it and afterwards return, and not to non-residents coming for the first time into the state. But the pleadings are silent on the subject of residence, and if the position assumed by respondent were correct (and we think it is not), he could only avail himself of the objection that he was a non-resident by alleging it affirmatively as a fact in his answer. See *Crawford v. Roberts*, 8 Or. 324; *Sherman v. Osborn*, 8 Or. 66. There

is nothing in the pleading to warrant even the inference that the defendant was a non-resident, and in the absence of the averment in the complaint the presumption would have been that he was not. *Bass v. Berry*, 51 Cal. 264. The whole argument therefore upon the construction of the statute was entirely irrelevant— outside of the case as presented in the record—and will not now be further considered.

For the reasons above indicated, the judgment of the court below is reversed, and the cause remanded with directions to enter judgment in favor of the plaintiff for the sum demanded in the complaint.

DUNBAR, C. J., and HOYT, STILES and SCOTT, JJ., concur.