[No. 1514.]

## F. MANDLEBAUM and TRENMOR COFFIN, Respond-ents, *v.* M. P. GREGOVICH, Appellant.

Practice—Assignee of Interest in Judgment Proper Party Plaintiff.
Under the civil practice act, providing that actions shall be prose-
cuted in the name of the real party in interest (Gen. Stats. 3026),
and that all persons having an interest in obtaining the relief
demanded may be joined as plaintiffs, except as otherwise provided
(Gen. Stats. 3034), an assignee of an interest in a judgment is a
proper party plaintiff in an action on such judgment.

Judgment—Right of Action Upon—Common Law Rule Prevails. Under
the common law rule which prevails in this state, the right of action
upon an unsatisfied judgment is a matter of course. It is, there-
fore, not necessary to aver in the complaint or show by the record
that other good cause exists therefor.

Idem—Good Cause for Bringing Action Upon.  A good cause is shown
    for the bringing of an action where the complaint and record show
    that at the time the action was commenced the statutory right of
    execution had been barred for more than nine years, while, with
    regard to the right to bring an action on the judgment, the statute
    of limitations had only been running two days.

Appeal from the District Court of the State of Nevada,
Ormsby county; *C. E. Mack,* District Judge:

Action by F. Mandlebaum and Trenmor Coffin against
M. P. Gregovich.  From a judgment in favor of plaintiffs,
and from an order denying a new trial, defendant appeals.
Affirmed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield,* for Appellant:

I.  Our contention is that if the respondents have the
right to bring this action, they must first show, as a condition
precedent, for bringing the same, a necessity for doing so.
They must show that they cannot by the issuance of an
execution recover the amount of the judgment.  They
must show that they have exhausted their remedy, for if the
appellant had or has property within the State of Nevada
out of which a judgment could be realized, it was the duty
of respondents to have subjected that property to the pay-
ment of the debt.  We believe that the question of the right
to sue upon the judgment has been decided by our own
supreme court.  The plaintiff cannot claim of strict right to
sue his judgment as often as he may choose without showing
any necessity for such choice.  This question was exhaust-
ively considered by Judge Leonard in the case of *Solen* v. *V. &
T. R. R. Co.,* 15 Nev. 324.  See, also, *Pitzer* v. *Russel,* 4 Oregon,
130, and other cases cited by Justice Leonard in his opinion.

II.  If the right to issue execution has been lost from the
lapse of time of the inaction of the plaintiff, who has also
lost all means of reviving his judgment so as to be entitled
to execution thereon, it has been held that the judgment is
so far extinguished that it cannot support an action thereon.
(*Mawhinney* v. *Doane,* 40 Kan. 676.)

*Trenmor Coffin,* for Respondents:

I.  There was no misjoinder of parties plaintiff.  The

pleadings and proofs show that plaintiffs were each equally interested in the judgment upon which the action was brought and in the judgment to be recovered. They were properly joined as plaintiffs in this action. (Gen. Stats. 3026, 3034, 3036; *McBeth* v. *VanSickle*, 6 Nev. 134; *White Pine Co. Bank* v. *Sadler*, 19 Nev. 98; *Ricord* v. *C. P. R. R. Co.*, 15 Nev. 167; *Smith, et al., Claimants*, 4 Nev. 254; *Mavich* v. *Grier*, 3 Nev. 52; *Keller* v. *Blasdell*, 1 Nev. 492; *Carpenter* v. *Johnson*, 1 Nev. 332; *Grain* v. *Aldrich*, 38 Cal. 514, 518; 99 Am. Dec. 423, followed in 54 Cal. 579 and 75 Cal. 522; *Gradwohl* v. *Harris*, 29 Cal. 154; *Owen* v. *Frink*, 24 Cal. 172, 177; *Marzion* v. *Pioche*, 8 Cal. 536; *Whitney* v. *Stark*, 8 Cal. 516.)

II. No execution could have been issued upon the former judgment of *Mandlebaum* v. *Gregovich* at the time this action was commenced, or at any time after six years from the date of the judgment. (Gen. Stats. 3233, amended Stats. 1889, p. 26; *Perkins* v. *Sierra Nev. S. Mg. Co.*, 10 Nev. 406, 415, 416; *State* v. *McArthur*, 5 Kan. 282; *Mann* v. *McAtee*, 37 Cal. 11, 13, 14; *Solomon* v. *Maguire*, 29 Cal. 277, 299, 236–7; *Bowers* v. *Crany*, 30 Cal. 622; *White* v. *Clark*, 8 Cal. 512; Freeman on Executions, 2d ed., secs. 27, 27a, and 28, and authorities cited.)

III. This action is not barred by the statute of limitations. The statutory time within which an execution may issue upon a judgment, and the statute of limitations may not both run against the judgment, at the same time. The time of execution runs regardless of whether the judgment debtor be within or without the state. (See authorities under Point II.) The statute of limitations runs only when the defendant is within the state. If the time of execution and the statute of limitations have both run against the judgment, it is extinguished. If the time of execution has expired and the statute of limitations has not run, the judgment is dormant, and an action may be maintained upon it at any time before it it is finally barred. The record shows that defendant Gregovich left the State of Nevada before the final entry of judgment against him in the former action of *Mandlebaum* v. *Gregovich*, 17 Nev. 87; that he remained absent continuously for fifteen years; that he returned to Nevada

only two days before this action was commenced. The statutory period within which an execution could have been issued upon the judgment was nine years gone, while the statute of limitations had been only two days running. (Gen. Stats. 3644, 3651; *Chollar-Potosi Mg. Co.* v. *Kennedy*, 3 Nev. 361; *Robinson* v. *Imperial S. Mg. Co.*, 5 Nev. 45; *Todman* v. *Purdy*, 5 Nev. 239, 242; *Sutro T. Co.* v. *Seg. Belcher Mg. Co.*, 19 Nev. 121, 125; *Solen* v. *V. & T. R. R. Co.*, 15 Nev. 313; dissenting opinion of Beatty, C. J., p. 332 and authorities cited; Freeman on Judgments, sec. 432, and authorities cited; *Ewing* v. *Jennings*, 15 Nev. 379, 381; *Lockwood* v. *Barefield*, 7 Ga. 393; *Chambers* v. *Phelps*, 39 Ga. 386; *Stewart* v. *Lander*, 16 Cal. 373, 76 Am. Dec. 538, notes, p. 540; *Ames* v. *Hoy*, 12 Cal. 11, 19–20; *Solomon* v. *Maguire*, 29 Cal. 327; *Kothman* v. *Skaggs*, 29 Kan. 5; *Baker* v. *Hummer*, 31 Kan. 327; *Kingsland* v. *Forrest*, 18 Ala. 519, 52 Am. Dec. 232, notes and authorities, p. 234.)

By the Court, Massey, J.:

The respondents instituted this suit against the appellant upon a judgment obtained in the Second Judicial District of the State of Nevada, on the fifth day of June, 1882, for the sum of $704 62, with costs and interest. From a judgment in favor of the respondents, and an order denying appellant's motion for a new trial, this appeal has been taken.

It appears that the respondent, Mandlebaum, commenced an action against the appellant in said court on the 21st day of August, 1881; that on the 5th day of June, 1882, judgment was entered against the appellant upon an agreed statement of facts; that at the time said judgment was entered the appellant was absent from the State of Nevada, and so continued until about the 16th day of March, 1897; that after the rendition of said judgment, and some time in 1882, Mandlebaum duly sold and assigned to Coffin, one of the respondents in this action, one-half interest in said judgment; that this action was commenced within a few days after the return of the appellant to the state, and that no part of said judgment has been paid.

Upon these undisputed facts the appellant asks this court to reverse the judgment of the district court, and assigns as

reasons therefor:   *First*, a misjoinder of parties plaintiff, and, *second*, that it is not shown by the complaint or record that a necessity exists for the bringing of the action.

Considering the questions in the order stated, we must hold that Coffin, the respondent, was a proper party plaintiff to the action.   Our civil practice act provides that every action shall be prosecuted in the name of the real party in interest, and that all persons having an interest in the subject matter of the action, and in obtaining the relief demanded may be joined as plaintiffs, except when otherwise provided.   (Gen. Stats. secs. 3026, 3034.)

The exceptions to the statutory rule above cited arise in actions by executors, administrators, trustees, married women, etc., and in such exceptions are specified in the other sections of the same act.   The averment of the complaint and the undisputed fact are that the respondent, Coffin, held and owned by assignment a one-half interest in the judgment, the subject matter of the action.   In the language of the statute he "had an interest in the subject of the action and in obtaining the relief demanded," and was therefore properly joined as a party plaintiff.   (*McBeth* v. *VanSickle*, 6 Nev. 134; *Ricord* v. *C. P. R. R. Co.*, 15 Nev. 167.)

The determination of the second contention of appellant necessarily involves the consideration of our statutory provisions relating to the limitation of actions and to the right of a judgment creditor to the enforcement or execution of the judgment.   The appellant argues that "If the respondents have the right to bring this action, they must first show as a condition precedent for bringing the same, a necessity for so doing.   They must show that they cannot by the issuance of an execution recover the amount of the judgment. They must show that they have exhausted their remedy, for, if the appellant had or has property within the State of Nevada out of which the judgment could be realized, it was the duty of respondents to have subjected that property to the payment of the debt."

Under the provisions of section 3644 of the General Statutes, the right of action upon a judgment of any court of the United States, or of any state or territory within the United States, is barred unless commenced within six years

after the right of action accrued. Section 3651 of the same act creates an exception to the above rule by providing that when a cause of action shall accrue against one out of the state, such action may be commenced within the time limited by the act after his return to the state.

The averments of the complaint and the undisputed facts are that, at the time of the rendition and entry of the judgment in 1882, the appellant was out of the state, and continuously remained absent therefrom until March, 1897, thereby preserving the judgment and all rights of action of the judgment creditor under the same. Notwithstanding nearly fifteen years had elapsed since the entry of the judgment, yet, for the purposes of action, the judgment was not barred—for that purpose the judgment was valid. Such being the fact, is it necessary, as appellant contends, that the complaint and record must show that a good cause exists therefor—that the right of action upon judgments exists in those cases only where a necessity is shown therefor?

Counsel have cited in support of this contention the case of *Solen* v. *V. & T. R. R. Co.*, reported in 15 Nev. 312, but we do not consider that case as decisive of this point. That was an action upon a judgment which did not call for any interest. The judgment creditor had paid to the clerk of the district court the amount of the judgment and costs, without interest, in discharge thereof, and claimed there was no balance due thereon. The court was divided in its opinion in determining the case. The opinion was by Justice Hawley and held that under the rule announced in *Hastings* v. *Johnson*, 1 Nev. 617, that when the judgment of the court was silent as regards the collection of interest, the party is not entitled to interest. Under this rule the judgment of the lower court was affirmed. Justice Leonard, in a concurring opinion, stated that while he regarded the rule in *Hastings* v. *Johnson* as wrong, it must be regarded as settled law, and therefore gave his assent to the affirmance of the judgment. He then proceeds to discuss at great length the rule for which counsel contend in the case at bar, that the right of action upon judgments exists in those cases only where a necessity is shown therefor, and he concludes that all actions " upon judgments, except for good cause, are vexatious, oppressive

and useless." Chief Justice Beatty, in the dissenting opinion, argues that the rule announced in *Hastings* v. *Johnson, supra,* and reannounced by Justice Hawley in the opinion affirming the judgment of *Solen* v. *V. & T. R. R. Co, supra,* to the effect that where a judgment is silent as regards interest, the judgment creditor is not entitled to any interest, was wrong, and dissents from the conclusions of Justice Leonard to the effect that the right of action upon judgments exists in those cases only where a necessity is shown therefor. Hence, the only question decided by the court in the case of *Solen* v. *V. & T. R. R. Co.* was the one relating to the right to interest upon judgments which were silent as to that matter. The question argued by counsel in the case at bar remains open and unsettled so far as the decisions of this court are concerned. Under the provisions of our statute in force at the time of the entry of the judgment against appellant in 1882, it was the right of the respondent Mandlebaum at any time within five years after the entry thereof to have a writ of execution for the enforcement of the same. (Gen. Stats. sec. 3233.)

This section was subsequently amended by extending the time in which the writ might be issued to six years. (Stats. 1889, p. 26.)

This statutory rule simply extends the time given under the common law, which limited the right to a year and a day after the entry of the judgment, and we are unable to find any other statutory provision in any manner limiting or restricting this right. Neither have we been able to find any statutory provision in any manner restricting or limiting the right of action upon judgments as given by the common law. In the absence of statutory restrictions of the common law right of action upon judgments, then the common law rule must prevail, and the question be determined by such rule only. The inquiry then is, what right of action upon judgments is given by the common law? We must adopt the view expressed by Chief Justice Beatty in *Solen* v. *V. & T. R. R. Co.* and hold that an action on a judgment would lie as a matter of course at common law; that while there may be some conflict in the decisions of this country upon this point, the decided weight of authority is in support of the rule. As early as 1858, the Supreme Court of

California, in the case of *Ames* v. *Hoy,* so held, and answering the same line of argument used by counsel for appellant in the case at bar, say: " The chief argument is that there is no necessity for a right of action on a judgment, inasmuch as execution can be issued to enforce the judgment already obtained, and no better or higher right or advantage is given to the subsequent judgment. But this is not true in fact, as in many cases it may be of advantage to obtain another judgment in order to save or prolong the lien; and in this case, the advantage of having record evidence of the judgment is sufficiently perceptible. The argument that the defendant may be vexed by repeated judgments on the same cause of action, is answered by the suggestion that an effectual remedy to the party against this annoyance is the payment of the debt." (*Ames* v. *Hoy,* 12 Cal. 11.)

Considering the provisions of our statutes under which a judgment is made a lien upon the real property of the judgment debtor for a term of two years after the judgment has been docketed, we can well say that it may be an advantage to obtain another judgment in order to save or prolong such lien. The Supreme Court of Indiana, in later cases than the one cited in the opinion of Chief Justice Beatty, say that the law is well settled that a judgment creditor may enforce his judgment by the process of the court in which he obtained it, or he may elect to use the judgment as an original cause of action and bring suit thereon and prosecute such suit to final judgment. (*Hansford et al.* v. *Van Auken, Adminis-trator,* 79 Ind. 160; *Palmer* v. *Glover,* 73 Ind. 529.)

In the absence of direct legislation restricting or limiting the common law rule of the right of action upon judgments, there are found within our statutes provisions from which the court is authorized in holding, as a matter of inference, that no change in that rule was intended, otherwise some legislative restriction or limitation of the right under the common law rule would have been included in the statute other than the one barring the action if not commenced within six years after the right accrued. In other words, the legislature gave to the judgment creditor the right of action at any time within six years after such right accrued without other limitations.

Furthermore, the statutory law preserved that right as against the judgment debtor who might be out of the state, by allowing such action to be commenced within the time limited after his return to the state, which might be, as in this case, long after the right of execution had been barred.

We must therefore hold, that under the common law rule, which prevails in this state, that the right of action upon an unsatisfied judgment is a matter of course, and that it is not necessary to aver in the complaint, or show by the record, that other good cause exists therefor.

We are also of the opinion that the contention of the respondents that the complaint and record show that a good cause does exist for the bringing of the action, from the facts that the complaint and record disclose, that at the time the action was commenced the statutory right of execution had been barred by more than nine years time, while the statute of limitations had only been running two days. The respondents held a judgment, which is the highest evidence of indebtedness, without any right to enforce the same, and that right could be obtained by an action prosecuted to final judgment.

The judgment will therefore be affirmed.