[No. 4000.   Decided December 2, 1901.]

CITIZENS' NATIONAL BANK OF CRAWFORDSVILLE, IND., *Appellant,* v: C. F. LUCAS, *Respondent.*

JUDGMENTS — ACTION ON DOMESTIC JUDGMENT — LIMITATIONS.

Bal. Code, § 4798, which fixes a limitation of six years upon the commencement of "an action upon a judgment or decree of any court of the United States or of any state or territory within the United States," is applicable to domestic, as well as to foreign, judgments.

SAME — ACCRUAL OF RIGHT OF ACTION.

The right of action upon a judgment in this state begins to run from the date of its rendition and is not postponed until the expiration of the period in which execution may issue.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.   Affirmed.

*E. H. Belden* and *O. C. Moore,* for appellant.

*Hoyt & Taylor* and *Crow & Williams,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 10th day of April, 1894, the appellant obtained in the superior court of Spokane county two judgments against the respondent, C. F. Lucas.   On the 20th day of February, 1901, the appellant commenced an action against the respondent upon said judgments, setting out each as a separate cause of action.   Thereafter respondent appeared and demurred to the complaint upon the ground that the action had not been commenced within the time limited by law.   The demurrer was sustained by the court, and, the appellant electing to stand on its com-

27—26 WASH.

plaint, an order of dismissal, with judgment against plaintiff for costs, was entered, to which judgment the appellant excepted, and brings the case here upon appeal.

The assignments of error are (1) that the court erred in sustaining respondent's demurrer to appellant's complaint; (2) that the court erred in entering judgment in favor of respondent and against appellant. If the first assignment of error is sustained, it necessarily follows that the second must be, so that it is necessary to discuss only the first. The question presented by this appeal is whether or not an action can be maintained upon a domestic judgment commenced more than six and less than seven years after the date of its rendition. The statute (§ 4798, Bal. Code), prescribes that actions shall be commenced as follows:

"Within six years: (1) An action upon a judgment or decree of any court of the United States or of any state or territory within the United States. . . . "

Provisions were made for the commencement of other actions within a limited time, and after reciting them in detail the statute concludes (§ 4805):

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

It seems to us that the legislature in the passage of this act attempted to provide a limitation for every kind of action that could be brought in the courts, and that, if this case does not fall within subdivision 1 of § 4798, it must fall within the provisions of § 4805, last above noticed. But we think it falls within subdivision 1 of § 4798. It is contended that the wording of the statute does not embrace domestic judgments, but that subdivision 1 refers to judgments of states other than this state.

This, it seems to us, is not a reasonable construction. In fact, the language is so plain that construction cannot be resorted to at all. "An action upon a judgment or decree of any court of the United States or of any state or territory within the United States," certainly comprehends the state of Washington; for it is a state within the United States, and the judgment is the judgment of a court of a state within the United States. The greater includes the less, and, under any canon of construction known to the law, it would seem that a judgment of this state fell within the provisions of the statute. The statute is broad enough to embrace judgments of this state, and the judgments of this state are in no way excepted from its provisions. So that it must be concluded that the legislature, in using the language which it did, intended to include not only foreign judgments, but domestic judgments, or intended to include, in the language of the statute, a judgment "of any court of the United States, or of any state or territory within the United States." It is contended, however, by the appellant, that this court placed another construction upon this statute in *Burns v. Conner,* 1 Wash. 6 (23 Pac. 836); and the language therein used would certainly justify this contention. The case, however, was decided before the question of limitation was reached; the court saying, "We are of the opinion that the proceeding prescribed by statute to revive the lien of a judgment is not the commencement of an action, but only a mode by which to secure the fruits of an action already had and determined between the parties," and that § 27 of the Code is not applicable thereto; citing authorities to sustain the announcement. The court then, after the cause had been decided, proceeded to say:

"We are also of the opinion that § 27 of the Code, limit-ing to six years the time within which an action may be commenced upon a judgment or decree of any court of the United States, or of any state or territory within the United States, when viewed in connection with chapter 29, does not apply to judgments by the courts of this state or of the late territory."

This was purely *obiter dictum,* and not in any way necessary to the decision of the case, although this ques-tion had been raised in the briefs of the contending attor-neys. There does not seem to have been much considera-ation given to this question in that case, and the announce-ment is made that, when viewed in connection with chapter 29, § 27 did not apply to judgments of this state. But even if the announcement there made was a correct one under the provisions of chapter 29 as it then existed, the legislature afterwards amended chapter 29 by placing a limitation of six years upon the motion to revive a judg-ment, so that if the idea of the court was that the limi-tation did not apply because there was no limitation on the revival of the judgment in chapter 29, spoken of, the reasoning would not now apply, because by the amend-ment of 1891 (Laws 1891, pp. 165, 166) a limitation of six years has been placed upon a motion to revive. The case of *Burns v. Conner, supra,* has never been considered by this court as settling this question; for in *Lake v. Steinbach,* 5 Wash. 659 (32 Pac. 767), which was an action upon a judgment rendered more than six years prior to the commencement of the action, the case was de-cided upon the ground that the defendants had been out of the state a portion of the time during which the judg-ment was running, and at the time said judgment was rendered, and did not return to the state under less than six years prior to the commencement of the action; "and,"

remarked the court, "this refutes the idea that the purported new matter set up in the answer is a defense to this action,"—the new matter being the pleading of the fact that more than six years had expired between the rendition of the judgment and the action on the judgment. So it may be seen that, if the court had viewed the doctrine announced in *Burns v. Conner* as the settled law of the state, it would not have been necessary to have entered into the discussion of the other questions involved in the case. In *Bignold v. Carr,* 24 Wash. 413 (64 Pac. 519), substantially the same questions were raised as in *Lake v. Steinbach, supra.* The question having been raised that more than six years had expired between the entry of the judgment and the commencement of the action thereon, it was found by this court that the fact of absence from the state prevented the statute from running, and after settling that question it was said by the court:

"This conclusion renders it unnecessary to determine the proposition of whether or not the six-years statute of limitations applies to domestic judgments."

But aside from the fact that the plain language of the statute precludes any other idea, the authority is overwhelming to the effect that under similar statutes domestic judgments are included. It may be as well to state here that the cases of *Bettman v. Cowley,* 19 Wash. 207 (54 Pac. 1134, 40 L. R. A. 815), and *Palmer v. Laberee,* 23 Wash. 409 (63 Pac. 216), cited by appellant, do not seem to us to be relative to the question under discussion. In those cases, while incidentally other propositions may have intervened, the question under discussion was the right of the revival of judgments under the statute limiting such rights. In Oregon the rule has been announced that the

statute did not apply to domestic judgments (*Murch v. Moore,* 2 Ore. 189; *Strong v. Barnhart,* 5 Ore. 499), and in one or two other states the same doctrine has been announced. But these cases are the exception, and not the rule. In *Reay v. Heazelton,* 128 Cal. 335 (60 Pac. 977), it was held that a domestic judgment was embraced within the language of a statute similar in all respects to ours. In *Haupt v. Burton,* 21 Mont. 572 (55 Pac. 110, 69 Am. St. Rep. 698), the supreme court of Montana, in discussing this question, says:

"It is argued that section 41, division 1, Compiled Statutes of 1887, which provides that an action upon a judgment of 'any court of the United States or of any state or territory within the United States, shall be commenced within six years', is inapplicable to judgments rendered by the courts of this state; and we are cited to *Pitzer v. Russel,* 4 Ore. 129, and *Burns v. Conner,* 1 Wash. 6 (23 Pac. 836), which hold that way. The great weight of authority is against those decisions, and we believe that, in the absence of any exception from the statute of actions upon judgments of the courts of this state, they are within the letter of the Code,"—citing *Hummer v. Lamphear,* 32 Kan. 439 (4 Pac. 865, 49 Am. Rep. 491), approved in *Schuyler County Bank v. Bradbury,* 56 Kan. 355 (43 Pac. 254), and *Mason v. Cronise,* 20 Cal. 217.

In *Schuyler County Bank v. Bradbury,* just referred to, it is squarely decided that a right of action upon a domestic judgment whereon no execution had issued is barred by the five-year statute of limitations. In *Mason v. Cronise* it was held that judgments recovered in the courts of California were barred by the lapse of five years from the time they were rendered, which was the statute in that state corresponding to the six-year statute in ours. The language of the court in that case is applicable, and we reproduce it here:

"The section does not, in terms, except judgments recovered within the state; but, on the contrary, its language embraces the judgments and decrees of any court of any state or territory within the United States. It would seem, according to the natural import of the words used, that there could be no question of the application of the section to domestic judgments."

To the same effect is *McDonald v. Dickson,* 85 N. C. 248, and *Rowe v. Blake,* 99 Cal. 167 (33 Pac. 864, 37 Am. St. Rep. 45). In conclusion, we think that both reason and authority compel us to hold that domestic judgments are included within the statute.

But it is contended by the appellant that the statute of limitations does not commence to run on a domestic judgment until the expiration of the time during which execution may issue; that is, after the lapse of five years from its recovery and entry. The statute provides (§ 4796, Bal. Code) that actions can only be commenced within the period herein prescribed after the cause of action shall have accrued; and it is asserted that at common law an execution could issue upon a judgment at any time within a year and a day after its entry, and that the year and a day at common law correspond to our five years in which execution may issue. If this interpretation of the statute is correct, then the judgment in this case is not barred by the statute of limitations, for only seven years elapsed from the rendition of the judgment to the commencement of the action. But we think the contention that the judgment debtor cannot avail himself of the statute of limitations until after the time expires in which execution could issue cannot be maintained. It is true, there are a few cases which sustain this contention, viz., *Lee v. Giles,* 21 Am. Dec. 476, where a few of the old English cases are referred to, and *Pitzer v. Russel,* 4

Ore. 130; also *Parks v. Young,* 75 Tex. 278 (12 S. W. 986), although the supreme court of Texas seemed afterwards, in *Stevens v. Stone,* 94 Tex. 415 (60 S. W. 959), to overrule the proposition announced in *Parks v. Young, supra.* The case of *Solen v. Virginia, etc., R. R. Co.,* 15 Nev. 313, which announced the doctrine contended for by the appellant, has been overruled in the later case of *Mandlebaum v. Gregovich,* 24 Nev. 154 (50 Pac. 849), and in the South Carolina case of *Lee v. Giles, supra,* it is stated in a note to the decision that the doctrine announced in that state could not be sustained by the authorities elsewhere, citing Freeman, Judgments, § 542. So that, outside of the states of Oregon, Nevada, Texas, and South Carolina, all of which, excepting Oregon, as we have seen, have to a certain extent receded from the proposition originally announced on this subject, the decisions are substantially uniform that at common law a party has a right of action upon his judgment as soon as it is recovered. It is true that in this state it has been decided that a party has a right to bring a common law action upon a judgment simply because the common law prevails in this state in the absence of statutory enactment; but there has been statutory enactment on the subject of limitations, and, whether the action is brought under the statute or under the common law right, the statute in relation to limitations equally prevails.

It is urged by appellant, and is stated in some of the cases cited, that there is no necessity for an action upon the judgment as long as the right of execution exists; that the only effect would be to impose additional costs and burdens upon the judgment debtor, and create a multiplicity of suits. But this objection is more fanciful than real, and the judgment debtor will be protected by

the ordinary prudence of the judgment creditor, who will not be likely to incur unnecessary expenses for the mere purpose of obtaining judgments against an insolvent debtor. But, however that may be, if the law gives to the judgment creditor the right to bring an action upon his judgment, that right cannot be taken away, in the absence of any express restriction upon the right by any concurrent remedy that may be given him. In *Hansford v. Van Auken,* 79 Ind. 157, the right of the judgment creditor to sue was sustained; the court saying:

"He may enforce its collection by the process of the court in which he obtained his judgment, or he may, if he elect so to do, use his judgment as an original cause of action, and bring suit thereon in the same or some other court of competent jurisdiction, and prosecute such suit to final judgment. This procedure he may pursue as often as he elects, using the judgment last obtained as a cause of action on which to obtain the next succeeding judgment."—citing *Palmer v. Glover,* 73 Ind. 529.

See, also, *Smith v. Mumford,* 9 Cow. 26; *Hale v. Angel,* 20 Johns. 342; *Mandlebaum v. Gregovich,* 24 Nev. 154 (50 Pac. 849),—a case above referred to, where the court announced the rule that under the common law the right of action on an unsatisfied judgment was a matter of course, and that it was not necessary for the complaint to aver or the record to show that any other cause than nonpayment existed therefor. In 11 Enc. Pl. & Pr., commencing at page 1089, it is stated that:

"At common law and by the overwhelming weight of authority in this country the right to maintain an action upon a domestic judgment is not at all dependent upon the right to issue an execution thereon. Thus an action may be maintained upon a dormant judgment, and it may equally well be maintained upon a judgment which is not dormant, and upon which execution might issue."

In support of this text cases are cited from Alabama, California, Connecticut, Illinois, Indiana, Iowa, Kansas, Massachusetts, Michigan, Missouri, New Hampshire, New York, Ohio, Pennsylvania, Tennessee, Vermont, and the United States courts. In *Greathouse v. Smith,* 4 Ill. 541, the court, in delivering its opinion, said:

"No rule of law is better settled than the one that an action of debt is maintainable on a judgment in a court of record. The judgment is a good cause of action, it being, as between the parties, the conclusive evidence of indebtedness. We know of no principle which inhibits the creditor, on a judgment which is in force and unsatisfied, from recovering in an action brought on it, although he may, at the time of bringing the suit, be entitled to an execution on his judgment. He is at liberty to proceed by execution to collect the judgment, or institute a new action on it. Notwithstanding the second suit may be unnecessary, he has the clear legal right to recover, and the courts have no power to prevent him, or impose terms on him for so doing."

In *Young v. Cooper,* 59 Ill. 121, it was said that the propriety of the above position has never been questioned. In some of the states it is provided by statute that an action shall not be maintained upon a judgment within a limited time, but in the absence of a statute the right exists at any time after the rendition of the judgment. The subject is summed up by Mr. Freeman in his work on Judgments (volume 2 [4th ed.] c. 17, § 432), where it is said:

"In Connecticut, at a very early date, an action on a judgment was not sustained, because it was deemed unnecessary and vexatious, unless plaintiff succeeded in showing that otherwise he could not have the full effect of his judgment. This position has since been abandoned in the same state, and in its place the true rule has been adopted,—that 'no other reason' for bringing the action

'need be stated in the declaration than that the judgment remains unpaid.' "

The right to the action having been given by statute and there being no statutory restrictions upon the right. and the overwhelming weight of authority being to the effect that the action may be commenced any time after its rendition, we do not feel justified in holding that the statute of limitations upon a domestic judgment does not commence to run until after five years from its rendition, or the expiration of the period in which execution might issue.

The judgment of the superior court is affirmed.

REAVIS, C. J., and ANDERS, FULLERTON, MOUNT, WHITE and HADLEY, JJ., concur.