**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES NALDER, Guardian Ad Litem on behalf of Cheyanne Nalder; GARY LEWIS, individually, *Plaintiffs-Appellants*, <br><br> v. <br><br> UNITED AUTOMOBILE INSURANCE COMPANY, *Defendant-Appellee.* | No. 13-17441 <br><br> D.C. No. 2:09-cv-01348-RCJ-GWF <br><br> ORDER CERTIFYING QUESTION TO THE NEVADA SUPREME COURT |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted January 6, 2016
San Francisco, California

Filed December 27, 2017

Before:  Diarmuid F. O'Scannlain and
William A. Fletcher, Circuit Judges.[*]

---

[*] This case was submitted to a panel that included Judge Kozinski, who recently retired.

## SUMMARY[**]

### Certified Question to Nevada Supreme Court

The panel certified the following question of law to the Nevada Supreme Court:

> Under Nevada law, if a plaintiff has filed suit against an insurer seeking damages based on a separate judgment against its insured, does the insurer's liability expire when the statute of limitations on the judgment runs, notwithstanding that the suit was filed within the six-year life of the judgment?

## ORDER

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, we certify to the Nevada Supreme Court the question of law set forth in Part II of this order. The answer to this question may be determinative of the cause pending before this court, and there is no controlling precedent in the decisions of the Nevada Supreme Court or the Nevada Court of Appeals.

Further proceedings in this court are stayed pending receipt of an answer to the certified question. Submission remains withdrawn pending further order. The parties shall notify the Clerk of this court within one week after the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Nevada Supreme Court accepts or rejects the certified question, and again within one week after the Nevada Supreme Court renders its opinion.

I

Plaintiffs-appellants, James Nalder, guardian ad litem for Cheyanne Nalder, and Gary Lewis will be the appellants before the Nevada Supreme Court. Defendant-appellee, United Automobile Insurance Company ("UAIC"), a Florida corporation with its principal place of business in Florida, will be the respondent.

The names and addresses of counsel for the parties are as follows:

Thomas Christensen, Christensen Law Offices, LLC, 1000 South Valley View Boulevard, Las Vegas, Nevada 89107, and Dennis M. Prince, Eglet Prince, 400 South Seventh Street, Suite 400, Las Vegas, Nevada 89101, for appellants.

Thomas E. Winner, Susan M. Sherrod and Matthew J. Douglas, Atkin Winner & Sherrod, 1117 South Rancho Drive, Las Vegas, Nevada 89102, for respondent.

II

The question of law to be answered is:

Under Nevada law, if a plaintiff has filed suit against an insurer seeking damages based on a separate judgment against its insured, does the insurer's liability expire when the

statute of limitations on the judgment runs,
notwithstanding that the suit was filed within
the six-year life of the judgment?

The Nevada Supreme Court may rephrase the question as it deems necessary.

III

A

This is the second order in this case certifying a question to the Nevada Supreme Court. We recount the facts essentially as in the first order.

On July 8, 2007, Gary Lewis ran over Cheyanne Nalder. Lewis had taken out an auto insurance policy with UAIC, which was renewable on a monthly basis. Before the accident, Lewis had received a statement instructing him that his renewal payment was due by June 30, 2007. The statement also specified that "[t]o avoid lapse in coverage, payment must be received prior to expiration of your policy." The statement listed June 30, 2007, as the policy's effective date and July 31, 2007, as its expiration date. Lewis did not pay to renew his policy until July 10, 2007, two days after the accident.

James Nalder ("Nalder"), Cheyanne's father, made an offer to UAIC to settle her claim for $15,000, the policy limit. UAIC rejected the offer, arguing Lewis was not covered at the time of the accident because he did not renew the policy by June 30. UAIC never informed Lewis that Nalder was willing to settle.

Nalder sued Lewis in Nevada state court and obtained a $3.5 million default judgment. Nalder and Lewis then filed the instant suit against UAIC in state court, which UAIC removed to federal court. Nalder and Lewis alleged breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, fraud, and breach of section 686A.310 of the Nevada Revised Statutes. UAIC moved for summary judgment on the basis that Lewis had no insurance coverage on the date of the accident. Nalder and Lewis argued that Lewis was covered on the date of the accident because the renewal notice was ambiguous as to when payment had to be received to avoid a lapse in coverage, and that this ambiguity had to be construed in favor of the insured. The district court found that the contract could not be reasonably interpreted in favor of Nalder and Lewis's argument and granted summary judgment in favor of UAIC.

We held that summary judgment "with respect to whether there was coverage" was improper because the "[p]laintiffs came forward with facts supporting their tenable legal position." *Nalder v. United Auto. Ins. Co.*, 500 F. App'x 701, 702 (9th Cir. 2012). But we affirmed "[t]he portion of the order granting summary judgment with respect to the [Nevada] statutory arguments." *Id.*

On remand, the district court granted partial summary judgment to each party. First, the court found the renewal statement ambiguous, so it construed this ambiguity against UAIC by finding that Lewis was covered on the date of the accident. Second, the court found that UAIC did not act in bad faith because it had a reasonable basis to dispute coverage. Third, the court found that UAIC breached its duty to defend Lewis but awarded no damages "because [Lewis] did not incur any fees or costs in defending the underlying

action" as he took a default judgment. The court ordered UAIC "to pay Cheyanne Nalder the policy limits on Gary Lewis's implied insurance policy at the time of the accident." Nalder and Lewis appeal.

B

Nalder and Lewis claim on appeal that they should have been awarded consequential and compensatory damages resulting from the Nevada state court judgment because UAIC breached its duty to defend. Thus, assuming that UAIC did not act in bad faith but did breach its duty to defend Lewis, one question before us is how to calculate the damages that should be awarded. Nalder and Lewis claim they should have been awarded the amount of the default judgment ($3.5 million) because, in their view, UAIC's failure to defend Lewis was the proximate cause of the judgment against him. The district court, however, denied damages because Lewis chose not to defend and thus incurred no attorneys' fees or costs. Because there was no clear state law and the district court's opinion in this case conflicted with another decision by the U.S. District Court for the District of Nevada on the question of whether liability for breach of the duty to defend included all losses consequential to an insurer's breach, we certified that question to the Nevada Supreme Court in an order dated June 1, 2016. In that order, we also stayed proceedings in this court pending resolution of the certified question by the Nevada Supreme Court.

After that certified question had been fully briefed before the Nevada Supreme Court, but before any ruling or oral argument, UAIC moved this court to dismiss the appeal for lack of standing. UAIC argues that the six-year life of the

default judgment had run and that the judgment had not been renewed, so the judgment is no longer enforceable. Therefore, UAIC contends, there are no longer any damages above the policy limit that Nalder and Lewis can seek because the judgment that forms the basis for those damages has lapsed. For that reason, UAIC argues that the issue on appeal is moot because there is no longer any basis to seek damages above the policy limit, which the district court already awarded.

In a notice filed June 13, 2017, the Nevada Supreme Court stayed consideration of the question already certified in this case until we ruled on the motion to dismiss now pending before us.

IV

In support of its motion to dismiss, UAIC argues that under Nev. Rev. Stat. § 11.190(1)(a), the six-year statute of limitations during which Nalder could enforce his default judgment against Lewis expired on August 26, 2014, and Nalder did not renew the judgment. Therefore, says UAIC, the default judgment has lapsed, and because it is no longer enforceable, it no longer constitutes an injury for which Lewis or Nalder may seek damages from UAIC.

In response, Nalder and Lewis do not contest that the six-year period of the statute of limitations has passed and that they have failed to renew the judgment, but they argue that UAIC is wrong that the issue of consequential damages is mooted. First, they make a procedural argument that a lapse in the default judgment, if any, may affect the amount of damages but does not affect liability, so the issue is inappropriate to address on appeal before the district court

has evaluated the effect on damages. Second, they argue that their suit against UAIC is itself "an action upon" the default judgment under the terms of Nev. Rev. Stat. § 11.190(1)(a) and that because it was filed within the six-year life of the judgment it is timely. In support of this argument, they point out that UAIC has already paid out more than $90,000 in this case, which, they say, acknowledges the validity of the underlying judgment and that this suit is an enforcement action upon it.

Neither side can point to Nevada law that definitively answers the question of whether plaintiffs may still recover consequential damages based on the default judgment when six years passed during the pendency of this suit. Nalder and Lewis reach into the annals of Nevada case law to find an opinion observing that at common law "a judgment creditor may enforce his judgment by the process of the court in which he obtained it, or he may elect to use the judgment, as an original cause of action, and bring suit thereon, and prosecute such suit to final judgment." *Mandlebaum v. Gregovich*, 50 P. 849, 851 (Nev. 1897); *see also Leven v. Frey*, 168 P.3d 712, 715 (Nev. 2007) ("An action on a judgment *or* its renewal must be commenced within six years." (emphasis added)). They suggest they are doing just this, "us[ing] the judgment, as an original cause of action," to recover from UAIC. But that precedent does not resolve whether a suit against an insurer who was not a party to the default judgment is, under Nevada law, an "action on" that judgment.

UAIC does no better. It also points to *Leven* for the proposition that the Nevada Supreme Court has strictly construed the requirements to renew a judgment. *See Leven*, 168 P.3d at 719. Be that as it may, Nalder and Lewis do not

rely on any laxity in the renewal requirements and argue instead that the instant suit is itself a timely action upon the judgment that obviates any need for renewal. UAIC also points to Nev. Rev. Stat. § 21.010, which provides that "the party in whose favor judgment is given may, at any time before the judgment expires, obtain the issuance of a writ of execution for its enforcement as prescribed in this chapter. The writ ceases to be effective when the judgment expires." That provision, however, does not resolve this case because Nalder and Lewis are not enforcing a writ of execution, which is a direction to a sheriff to satisfy a judgment. *See* Nev. Rev. Stat. § 21.020.

Finally, apart from Nalder and Lewis's argument that it is inappropriate to address on appeal the effect of the statute of limitations on the size of damages they may collect, neither side squarely addresses whether the expiration of the judgment in fact reduces the consequential damages for UAIC's breach of the duty to defend. Does the judgment's expiration during the pendency of the suit reduce the consequential damages to zero as UAIC implies, or should the damages be calculated based on when the default judgment was still enforceable, as it was when the suit was initiated? Neither side provides Nevada law to answer the question, nor have we discovered it.

V

It appears to this court that there is no controlling precedent of the Nevada Supreme Court or the Nevada Court of Appeals with regard to the issue of Nevada law raised by the motion to dismiss. We thus request the Nevada Supreme Court accept and decide the certified question. "The written opinion of the [Nevada] Supreme Court stating the law

governing the question[] certified . . . shall be res judicata as to the parties." Nev. R. App. P. 5(h).

If the Nevada Supreme Court accepts this additional certified question, it may resolve the two certified questions in any order it sees fit, because Nalder and Lewis must prevail on both questions in order to recover consequential damages based on the default judgment for breach of the duty to defend.

The clerk of this court shall forward a copy of this order, under official seal, to the Nevada Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court.

**IT IS SO ORDERED.**

Respectfully submitted, Diarmuid F. O'Scannlain and William A. Fletcher, Circuit Judges.

_____
Diarmuid F. O'Scannlain
Circuit Judge
