### O. F. Parks v. M. Young.

#### No. 2865.

1. **Right of Action.**—A second action can not be maintained upon a judgment which is not dormant.

2. **Attachment.**—A plaintiff in attachment can not by amendment extend the lien secured by the levy of the writ so as to embrace a further indebtedness not declared on in the original suit.

3. **Same—Malice.**—Though a plaintiff in suing out an attachment is not actuated by an intent to injure the defendant, yet if he obtains a writ of attachment without probable cause and with a deliberate intent to take advantage of the attachment laws in order to enforce a speedy collection of his debt, his action is, in legal contemplation, malicious. See opinion for facts.

4. **Trial—Argument of Counsel.**—When damages are claimed by the defendant for maliciously suing out an attachment, if he admits the cause of action set up by the plaintiff, he is entitled to open in the introduction of evidence and to conclude the argument in his cross action.

Appeal from Ellis. Tried below before Hon. Anson Rainey.

The opinion states the case.

*A. A. Kemble,* for appellant. — 1. One having an unsatisfied subsisting judgment may sue on it at any time to renew it if it has lost its lien.    Boyd v. Anderson, 64 Texas, 108.

2.    Appellee's admission of appellant's cause of action is not broad enough to comply with Rule 31, nor with the parliamentary usage upon which the rule rests.

3.    The effect of Rule 31 is to give defendant the opening and conclusion only when his answer is confession and avoidance simply.

4.    To authorize punitory damages there must be legal malice actuating the suing out of the attachment.    Kaufman & Runge v. Wicks, 62 Texas, 234.

5.    Want of probable cause may be evidence of malice, but is not itself malice.

*Groce & Templeton,* for appellee. — 1.    After filing his admission the burden of proof was upon appellee upon every issue before the jury, and he was rightfully awarded the opening and conclusion, both in adducing testimony and in argument.    Rule 31 for Dist. Cts.; Ney v. Rothe, 61 Texas, 374; J. P. Smith v. Traders Bank, 74 Texas, 475.

2.    The verdict for punitory damages is amply supported by the testimony.

GAINES, ASSOCIATE JUSTICE.—Appellant sued appellee on an open account for $533.25, and caused a writ of attachment to issue against his property.    Appellee pleaded in reconvention, alleging that the attachment was wrongfully and maliciously sued out, and claimed damages both actual and exemplary. 

The defendant's property levied upon by virtue of the writ was sold by order of the judge, and the fund, amounting to $556, was paid into the hands of the clerk of the court.    The plaintiff, in order to reach the surplus which would have remained after paying his original cause of action, filed a supplemental petition alleging that since the institution of the suit he had recovered a judgment against the defendant in a Justice Court for the sum of $135.60, and that the defendant had no other effects except that fund from which he could obtain satisfaction of his judgment, and prayed that the surplus be applied to the payment of that indebtedness. In the same pleading he admitted that he had collected since the commencement of his action from collaterals placed in his hands by defendant to secure his indebtedness the sum of $107.80.

The court sustained an exception to so much of the supplemental petition as asked a recovery upon the judgment, and in this there was no error.    We know of no authority for bringing a second action upon a judgment that is not dormant.    In the District Court such a suit has been permitted in order to re-establish a lien that had been lost; but

even that practice would hardly now be allowed, since existing statutes provide for fixing a lien by filing an abstract of the judgment. A defendant should not be subjected to the costs of a second suit on a judgment upon which execution may issue. Besides, the courts do not sit to do a futile act. It is quite too plain for argument that a party can not by amendment set up an additional cause of action in an attachment suit and thereby acquire a lien upon the property attached to secure its payment. It matters not that the defendant may be insolvent. There are no equities which will enable a plaintiff to extend the lien acquired by the levy of a writ of attachment over an indebtedness not embraced in the writ.

After the exceptions to the cause of action attempted to be set up in the supplemental petition had been sustained the defendant admitted the plaintiff's cause of action stated in his original petition, less the credit allowed in the supplemental petition, and moved the court to allow him the opening and conclusion in the introduction of evidence and in argument upon his cross action. The court correctly granted the motion. Conceding for the sake of the argument that the plaintiff may have applied his credit to his judgment obtained in the Justice Court, this he failed to do. He admitted it in his pleading as a credit upon his whole demand, and when the exception to the claim of a recovery on the judgment was sustained he failed to withdraw the allegation. This reduced the amount claimed in his petition to the sum admitted upon the record by the defendant. His entire cause of action having been admitted, the burden was upon the defendant upon the only issue to be tried, and he had the right to open and conclude the argument. The jury found for the defendant $736.09 actual and $500 exemplary damages.

It is claimed that the actual damages are excessive. But the only evidence as to the value of the property attached and sold was the testimony of the defendant and the valuation placed upon the property by the sheriff in his return. The former placed the value at $1439.90 and the latter at $935.05. The defendant's testimony would have warranted a verdict considerably larger in amount than that actually found by the jury. Under these circumstances we can not say the verdict for actual damages was excessive. In Willis & Bro. v. Lowry, 66 Texas, 540, a verdict in a similar case was sustained, which was supported by the testimony of the plaintiff alone as to the value of the goods, although the testimony of other witnesses placed their value at a much lower sum.

It is also insisted that the evidence failed to show malice, and that the verdict for exemplary damages is unwarranted. It was shown, however, that the ground alleged in the affidavit for suing out the attachment was not true. The defendant testified that he was merely disposing of his goods in the usual course of trade, and that he was not about to dispose of his property with intent to defraud his creditors, as sworn to in the affi-

davit.    His testimony showed that while he was indebted, he had more than sufficient property to pay his debts, and there was no conflict upon these questions.    He also testified that when plaintiff came to him for a settlement he offered to give him a mortgage upon all his property to se-cure his debt, except upon a parcel of broom corn already mortgaged to a bank, and that to this the plaintiff apparently assented and requested him to give him a list so that he could have the instrument prepared, but that when he had prepared the list and showed it to plaintiff the latter said to him:    "If you don't pay me at once all you owe me I will attach you."    This evidence amply warranted the jury in concluding at least that the plaintiff, if not actuated by an intent to injure the defendant, sued out the writ without probable cause and with a deliberate intent to take a wrongful advantage of the attachment laws in order to enforce a speedy collection of his debt.    If so, the suing out of the writ was in legal contemplation malicious.

The attachment was not even necessary to secure the plaintiff's debt; there was no ground for suing it out; the defendant's business was broken up, and his immediate actual loss from the seizure and sale of the goods was, according to the finding of the jury, nearly $700.    Under such cir-cumstances a verdict for $500 exemplary damages is not excessive.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Delivered December 3, 1889.