MORRIS v. FT. WORTH LIFE INS. CO.
(No. 1845.)

(Court of Civil Appeals of Texas.    Texarkana.
Jan. 2, 1918.    Rehearing Denied
Jan. 24, 1918.)

1. INSURANCE ⬲⟿138(2) — DISCRIMINATION —
COLLATERAL AGREEMENT.
An agreement of an insurance company to
lend money to one at a low rate of interest if
he would take out a certain amount of insur-
ance, not being mentioned in the policy, was
void under Rev. St. 1911, art. 4954, prohibit-
ing discrimination in favor of individuals.

2. INSURANCE ⬲⟿138(2) — CANCELLATION OF
POLICY — PROMISES VIOLATING STATUTES —
CONSTRUCTIVE KNOWLEDGE OF TRUTH.
A policy holder cannot ask rescission of
policy, in that he was deceived by a promise to
lend him money at a low rate of interest if he
would take out a policy, which violated Rev.
St. 1911, art. 4954, prohibiting insurance com-
panies from discrimination between individuals
by giving valuable inducements not ·mentioned
in the policy, being charged with a knowledge of
its invalidity.

Appeal from District Court, Camp Coun-
ty; R. M. Smith, Judge.

Action by James W. Morris against the
Ft. Worth Life Insurance Company.    Judg-
ment for defendant, and plaintiff appeals.
Affirmed.

M. M. Smith, of Pittsburg, for appellant.
R. M. Rowland and Robt. Harrison, both of
Ft. Worth, for appellee.

HODGES, J.    This appeal is from the ac-
tion of the court in sustaining a general de-
murrer to the plaintiff's petition, of which
the following is the substance:

The plaintiff alleged that in July, 1914, he
was approached by two agents of the ap-
pellee company and solicited to take out
two policies of insurance of $5,000 each—
one upon his own life, and the other upon
the life of his wife.    He informed the agents
that he had similar policies in another insur-
ance company, that he owed a debt upon
which he was paying the highest rate of
interest allowed by law, and he did not feel
financially able to incur any further obliga-
tions.    The agents of· the appellee company
then and there represented to him that if
he would cancel the policies he was then
carrying in another life insurance company
and take out insurance·in their company that
company would make him a loan of $5,000
or $6,000, as he might prefer, upon the same
security then held by the bank, and would
charge him interest ·at the rate of 6 per cent.
per annum.    It is alleged that the agents
were acting within the scope of their au-
thority, and with the consent of the appellee
company.    Appellant thereupon, in considera-
tion of the agreement to carry his loan then
held by the bank at an interest rate of 6
per cent. per annum, canceled his insurance
policies carried in the other company, and
made application for insurance in the

appellee company; and in due course
of time a policy was issued and he executed
his notes aggregating the sum of $373.84 for
the payment of the premiums.    Those notes
were made payable to the agents represent-
ing the appellee company, but were really
for the benefit of the appellee, and were
taken in the name of the agents merely as
a matter of form.    The notes were delivered
to the company, and are now held by it.
He further alleges that he made application
for the loan, and tendered the security
agreed upon, to which no objection was
made, but the loan was refused upon the
ground that it was not convenient for the
appellee to make it at that time.    He charges
that he has been unable to make any such
loan from the appellee; that the promise on
the part of the agents to make such loan was
fraudulent and made for the purpose of de-
ceiving him into canceling the insurance held
in another company and taking out insurance
in the company represented by them.    He
asks that the note be canceled; he tenders
the policy of insurance into court and asks
that it be canceled, and prays for damages
in the sum of $1,000.

Upon the refusal of the appellant to
amend his petition the case was dismissed.
All of the assignments of error presented in
this appeal complain in different forms of
that ruling of the court.

[1.] The appellee justifies the action of
the court in sustaining the general demurrer
upon the ground that if the facts alleged be
true and the appellee's agents did promise
to make to the appellant a loan upon his real
estate at a reduced rate of interest, such
promise, not appearing as a part of the
written contract of insurance, was void be-
cause prohibited by article 4954 of the Re-
vised Civil Statutes.    That article is as fol-
lows (italics ours):

"No insurance company doing business in this
state shall make or permit any distinction or
discrimination in favor of individuals between
insurants [the insured] of the same class and of
equal expectation of life in the amount of, or
payment of, premiums or rates charged for poli-
cies of life or endowment insurance, or in the
dividends or other benefits payable thereon;
nor shall any such company or agent thereof
make any contract of insurance or agreement
as to such contract other than as expressed in
the policy issued thereon; nor shall any such
company, or any officer, agent, solicitor or rep-
resentative thereof, pay, allow or give, or offer
to pay, allow or give, directly or indirectly, as
an inducement to insurance, any rebate or pre-
miums payable on the policy, or any special fa-
vor or advantage in the dividends or other bene-
fits to accrue thereon, or any paid employment
or contract for service of any kind, or any valu-
able consideration or inducement whatever not
specified in the policy contract of insurance;
*or give, sell or purchase, or offer to give, sell
or purchase, as an inducement to insurance, or
in connection therewith, any stocks, bonds or
other securities of any insurance company or
other corporation, association or partnership,
or any dividends or profits to accrue thereon, or
anything of value whatsoever not specified in*

*the policy*, or issue any policy containing any special or board contract or similar provision, by the terms of which said policy will share or participate in any special fund derived from a tax or a charge against any portion of the premium on any other policy," etc.

The appellant replies by saying that the agreement relied on does not come within the terms of the statute, and for that reason it is not unlawful. In legal effect the complaint of the appellant is that the agents of the appellee falsely and fraudulently represented to him that if he would take out a policy of insurance in their company the latter would make him a loan by which he could save in interest $200 or more for each year during which the loan existed; that such promise was valuable and formed the consideration which induced him to cancel his other insurance and to make this particular contract. According to his contention it lies at the very base of the agreement, and upon it alone rests the agreement to make the insurance contract; and had no such promise of the loan been made, he would not have taken out the policy of insurance in the appellee company.

If the promise of the agents to make the loan at the reduced rate of interest is so connected and interwoven with the contract to pay the insurance premiums as to authorize a rescission of the latter upon proof that the promise was fraudulently made, then such a promise must have formed a material part of the actual consideration for entering into the insurance contract. Manifestly such a promise would be an "offer to give * * * as an inducement to insurance" something of value, and should have been "specified in the policy." It is one of the evident purposes of the statute above quoted to prevent discriminations and secret agreements by which certain policy holders may be enabled to secure special favors as a consideration for their contracts of insurance. In this instance the policy of insurance was made an exhibit to the appellant's petition, and there is no contention that it contained the stipulation here insisted upon as a ground for rescission. Hence it falls within the prohibition of the statute.

[2] That being true, it logically follows that the appellant cannot insist that he was deceived by a promise which the agents could not legally make. He is charged with a knowledge of the provisions of the statute relating to such transactions; he will not be allowed to plead that did not know that such limitations upon the power to make insurance contracts existed. He is therefore in no attitude to insist that he was the victim of a fraud perpetrated by the representatives of the insurance company. He had a right to give his notes for his premiums. It is not contended that the premium rates which he promised to pay were in excess of those ordinarily charged for that char-

acter of insurance. Neither is it charged that they are different from the rates he had been previously paying, or that the insurance he now holds was less satisfactory than that which he had in the former company. On the contrary, it appears that the reduction in the interest rate on the loan promised was a special benefit which he was not enjoying prior to the making of this contract, and one which he expected solely in consideration of transferring his insurance to the appellee company.

We are therefore of the opinion that there was no error in the action of the court in sustaining the demurrer, and the judgment is affirmed.