**MOGUL PRODUCING & REFINING CO. et al. v. LEVERTON. (No. 1127.)**

(Court of Civil Appeals of Texas. Beaumont. July 22, 1924. Rehearing Denied Oct. 29, 1924.)

1. **Insurance** ⬅══138(2)—**Failure of consideration, fraud, and illegality of contract held no defense to insurance agent's action on premium note.**

   Failure of consideration, fraud, and illegality of contract, under Rev. St. art. 4954, in that insurance agent, in consideration of taking of insurance, agreed to procure loan for insured out of which premium note could be paid, and failed to do so, *held* no defense to insurance agent's action on the note.

2. **Corporations** ⬅══433(1)—**Officers' authority to contract for life insurance policy and execute premium note held for jury.**

   Pleas denying that vice president and secretary and treasurer were authorized by corporation to contract for insurance policy on vice president's life, with corporation as beneficiary, and execute premium note, *held* sufficient, when supported by evidence, to require submission of question to jury.

3. **Appeal and error** ⬅══1180(2) — **Judgment against garnishee and sureties on replevin bond and for costs reversed on reversal of judgment for plaintiff.**

   Judgment for plaintiff, having been reversed, judgment against garnishee and sureties on bond, replevying impounded funds, and in favor of garnishee for attorney's fees as costs against defendant must be reversed.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Thomas B. Leverton against the Mogul Producing & Refining Company, in which Chas. C. McRae, as defendant's receiver, intervened. From judgment against defendant, intervener, and sureties on defendant's replevin bond, they appeal. Reversed and remanded.

---

Bryan, Dyess & Colgin, of Houston, for appellants.

Campbell, Myer & Freeman and Botts & Grinstead, all of Houston, for appellee.

O'QUINN, J.  Thomas B. Leverton, an insurance agent, brought this suit against the Mogul Producing & Refining Company to recover on a note for $1,037, alleged to have been executed by appellant, Mogul Producing & Refining Company, by and through W. H. Warren, its vice president, and E. E. Kerr, its secretary and treasurer, in his favor.  The note was dated February 8, 1922, payable to the order of appellee 60 days after date, and bore interest at the rate of 6 per cent. per annum from date until paid, and contained the usual 10 per cent. attorney's fee clause.  The note was given by Warren and Kerr to appellee, who was an agent of the Southerland Life Insurance Company, to cover the first year's premium on a policy of life insurance in the sum of $50,000 in the Southerland Life Insurance Company on the life of W. H. Warren, vice president of appellant, in which policy the Mogul Producing & Refining Company was named as beneficiary.  The appellant is a corporation organized under the laws of the state of Texas for the purpose of producing, refining, and marketing oil and oil products.

Appellant in its answer pleaded the following defenses: (a) That Warren, its vice president, and Kerr, its secretary and treasurer, were not authorized by the company to contract for the insurance or to execute the note; (b) that the policy was solicited by appellee, an agent for the insurance company; (c) that in consideration for the taking of the insurance policy, and the execution of the note in payment for the first year's premium thereon, appellee agreed that he would procure a loan of $7,500 for appellant, and that the note would be paid out of the loan, and that, as appellee had not procured the loan, the consideration for the note had failed; (d) that the taking of said policy and execution of said note were procured by appellee by fraud; (e) plea of non est factum; and (f) that said note was void because obtained in a manner prohibited by article 4954, Revised Statutes.

While the suit was pending, appellee caused a writ of garnishment to be issued against the Lumberman's National Bank, and impounded $1,750.80 of appellant's funds on deposit with said bank. Appellant thereupon replevied the impounded funds and filed a cross-action over against appellee for damages for wrongful garnishment, on the ground that the affidavit upon which the writ of garnishment was issued was untrue and without probable cause, and that same was maliciously sued out for the purpose of injuring and harassing appellant and claimed both actual and exemplary damages. Issues were joined by appellee's fourth supplemental petition, duly verified, wherein he denied and controverted the allegations of appellant's answer and cross-action.

Prior to the trial of the case the Mogul Producing & Refining Company was placed in the hands of a receiver, Chas. C. McRae, and upon the trial appellee filed a trial amendment, setting up the fact that appellant was in the hands of a receiver, and asserting that it had no right to prosecute a cross-action filed by it before the receiver was appointed.  The court sustained this plea, and thereupon the receiver, McRae, by permission of the court, intervened in the cause, adopted the cross-action of appellant, and prosecuted same.

At the conclusion of the evidence the court instructed the jury to return a verdict for appellee against the Mogul Producing & Refining Company and its receiver, McRae, for the amount of the note sued on, and further instructed a verdict against the Mogul Producing & Refining Company and its receiver, McRae, on their cross-action, and in favor of appellee, and judgment was accordingly entered in favor of appellee for the sum of $1,207 against appellant and its receiver, McRae, on the note, and against the Mogul Producing & Refining Company and against Lewis R. Bryan, Henry Suhr, and E. H. Suhr, as sureties on the replevin bond of the Mogul Producing & Refining Company in the garnishment suit, and judgment was rendered against the Mogul Producing & Refining Company and its receiver, McRae, on their cross-action for damages.  Motion for new trial was overruled, and the Mogul Producing & Refining Company and its receiver, McRae, and the sureties on the replevin bond have brought this appeal.

[1] On the authority of Morris v. Insurance Co. (Tex. Civ. App.) 200 S. W. 1114; Gause v. Insurance Co. (Tex. Civ. App.) 207 S. W. 346; Insurance Co. v. Allen (Tex. Civ. App.) 170 S. W. 131; and Insurance Co. v. Tabor, 111 Tex. 155, 230 S. W. 397, appellant's assignments relative to the defense of failure of consideration, fraud, and illegal contract rendering the note void are overruled.  Under the authorities cited they presented no defense to the asserted cause of action.

In paragraph 2 of its fourth amended original answer appellant pleaded non est factum as follows:

"II.  Subject to the foregoing answer (general demurrer), without waiving the same but insisting thereon, the defendant, Mogul Producing & Refining Company. comes in the above cause in answer to plaintiff's petition and says that the note or instrument in writing mentioned and described in said petition was not signed or executed by it nor by any person authorized by it to sign or execute it for the defendant, Mogul Producing & Refining Company; that said instrument of writing was made without defendant's knowledge or consent, and that it has never at any time since ratified or con-

firmed the same. Wherefore, defendant says that said note or instrument in writing is not its account and deed, and of this it puts itself upon the country."

In paragraph 12 of its said answer appellant pleaded want of authority in its officers, who contracted for the policy of insurance and executed the note in controversy, as follows:

"XII. Defendant further says that, if said contract of insurance and said note executed for the first year's premium are within the charter powers of the defendant, they were not necessary and usual in the conduct of the business of defendant company, and were not in any way connected with the daily operations of said company, and that neither the president nor vice president, nor secretary, nor any other officer or agent of the defendant company, had authority to contract for said insurance and to execute said note for the first year's premium thereon, or to accept said policy of insurance when issued without first obtaining authorization so to do from the board of directors of the defendant company, which they did not do; and that the board of directors has not since ratified said acts of said officers; that therefore said application for insurance and said note executed for the first year's premium thereon is unenforceable and void, and should be held for naught."

These pleas were duly verified.

In his fourth supplemental petition appellee denied the matters alleged in appellant's said answer and cross-action, and alleged that, if said contract of insurance and the note in question were executed by the officers of appellant without authority, appellant had fully ratified same. This plea was duly verified.

[2] We think these pleadings and the evidence supporting same were such as to require the question of whether Warren and Kerr were authorized by appellant to enter into the contract for the insurance policy and to execute the note for the premium to be submitted to the jury, and that it was error for the court to withdraw same from the jury by directing a verdict. If upon another trial the jury should find that Warren and Kerr acted without authority in contracting for the insurance policy and in executing the note, then the further question of whether their acts in so doing were ratified by the appellant should also be submitted to the jury.

[3] As the right of appellee to a judgment against the Lumberman's National Bank, garnishee, depends upon appellee's recovering against appellant on the note, and as a judgment on the note is reversed, the judgment in favor of appellee against the Lumberman's National Bank, garnishee, and against Lewis R. Bryan, Henry Suhr, and E. H. Suhr, as sureties on the replevin bond of appellant, the Mogul Producing & Refining Company, in the garnishment proceeding is reversed. The judgment in favor of Lumberman's National Bank for $25 as attorney's fees taxed as costs against appellant is also reversed, as such fee will eventually have to be taxed against the losing party.

We think the court erred in instructing a verdict against appellant on its cross-action for damages arising out of the garnishment proceedings. As we are reversing the same for another trial, we do not think it proper for us to discuss the evidence bearing on this issue, but will say that it appears from the record that appellee, Leverton, was on quite intimate terms with Warren, vice president of the Mogul Producing & Refining Company, both in a personal and business way, and was well informed as to the property holdings of the appellant, Mogul Producing & Refining Company. The issue should have been submitted to the jury. Biering v. Bank, 69 Tex. 599, 7 S. W. 90; Parks v. Young, 75 Tex. 278, 12 S. W. 986; Johnson v. Tindall (Tex. Civ. App.) 161 S. W. 401.

There are other questions presented, but, as they are not likely to arise upon another trial, we will not discuss them.

For the reasons set forth, the judgment is reversed and the cause remanded.