**WHITE v. STEWART et al. (No. 10425.)**

Court of Civil Appeals of Texas. Dallas.
June 28, 1929.

Rehearing Denied July 13, 1929.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

Thompson Knight, Baker & Harris, of Dallas, for appellee.

VAUGHAN, J. This is an appeal from a judgment rendered July 6, 1928, in a suit numbered 73991–A filed April 13, 1928, by appellee Stewart against appellant White and appellee J. W. Crotty, in the nature of a bill of review to set aside a judgment of dismissal entered January 13, 1928, in a suit numbered 71911–A, filed November 28, 1927, by appellee Stewart against said White and Crotty, and to recover on a judgment obtained against them on October 12, 1915, in cause No. 20333–B, styled R. H. Stewart v. J. W. Crotty and Forrest E. White. In his petition for bill of review, appellee Stewart alleged that on October 12, 1915, he recovered judgment in the Forty-Fourth district court of Dallas county against appellant Forrest E. White and appellee J. W. Crotty for the sum of $3,570, with foreclosure of lien on certain corporate stock; that an order of sale was issued on said judgment on September 12, 1916, and a credit of $476.40 realized from the sale of said stock; that no other execution was issued on said judgment; that on the 19th day of January, 1918, by a written instrument of that date, duly acknowledged, appellant and said appellee Crotty transferred to appellee Stewart, as security for the payment of said judgment dated October 12, 1915, their interest in certain funds they expected to receive from the Eastern Texas Traction Company; that on November 28, 1927, appellee Stewart filed his suit against appellant and appellee Crotty on said judgment; that appellant was served with citation on the 23d day of December, 1927, commanding him to appear on the 23d day of January, 1928; that appellee Crotty was not served, he having agreed with appellee Stewart to appear and answer to said cause by appearance date, namely, January 23, 1928; that appellant filed an answer in said cause No. 71911–A on December 28, 1927; that said cause No. 71911–A was called on the 13th day of January, 1928, in its regular order on the printed assignment of the Fourteenth district court, and was on that date dismissed for want of prosecution. Appellee Stewart further alleged that the transfer of the corporate stock of date January 19, 1918, constituted a new promise or acknowledgment in writing on the part of appellant and appellee Crotty to pay the judgment rendered on October 12, 1915; that, by reason of the error on the part of the court cause No. 71911–A was erroneously placed on the calendar of the nonjury docket of said court, to be called on January 13, 1928, 10 days before the appearance date of said cause, and that on said date the case was called prematurely, and was through mistake, oversight, and inadvertence on the part of the court dismissed for want of prosecution; that at said time no service had been had upon appellee Crotty, and he was not before the court; that the action of the court was taken and judgmer rendered 10 days prior to any anticipated ? tion in said cause on the part of the cov and was the result of mistake on the pa.. of the court, which was not in any respect due to any inattention or negligence on his (Stewart's) part. By appropriate counter propositions appellee Stewart urges, that the premature dismissal of his suit was such a mistake on the part of the court as to require that the bill of review be granted him.

The instant case, No. 73991–A in the trial court, was filed at the subsequent term of the Fourteenth district court after the dismissal of said cause No. 71911–A. Appellant answered by general demurrer and plea of 10-year statute of limitation against the judgment rendered in 1915, and the four-year statute of limitation against said alleged new promise or acknowledgment. Appellee Crotty did not answer. Judgment was rendered on July 6, 1928, overruling appellant's general demurrer and in favor of appellee Stewart against appellant and appellee Crotty for the sum of $7,256.51, with interest thereon and costs of suit, from which appellant has appealed.

The instant case was one of appearance, with citation issued for and served on appellant White on December 23, 1927, and returnable January 23, 1928; therefore it was not within the authority of the trial judge to call said suit for trial before said date. The court, it is true, had jurisdiction of the subject-matter involved; but such jurisdiction could not be properly exercised for the purpose of hearing and disposing of said cause prior to appearance day. Therefore the order dismissing said cause for want of prosecution was erroneous, in that it was not in conformity with the provisions of the law providing rules of practice to secure the orderly and safe administration of the law by courts of competent jurisdiction. The effect of the order entered was to deny appellee Stewart opportunity, without any fault on his part, to have a judicial determination of his cause of action in accordance with due and orderly administration of justice; therefore the trial judge, in entering the order of dismissal, was laboring under a mistake of fact, and but for which the erroneous order would not have been entered. Cleveland v. Spencer (Tex. Civ. App.) 235 S. W. 632; City of Fort Worth v. Fort Worth Acid Works Co. et al. (Tex. Com. App.) 259 S. W. 919. Notwithstanding the erroneous dismissal of appellee Stewart's suit, No. 71911–A, should appellant's demurrer have been sustained on the

ground that the petition failed to allege a good cause of action, viz., did not show clearly to the court that there was good ground to suppose that a different result would be attained by a trial on the facts alleged? In passing upon this, we must assume as true every material fact alleged, and if it can be made to appear therefrom that there was good ground to suppose that a recovery would probably result thereon in favor of said appellee, then the demurrer was properly overruled; otherwise, same should have been sustained. Johnson et al. v. Templeton, Adm'r, 60 Tex. 238; Citizens' Bank v. Brandau (Tex. Civ. App.) 1 S.W.(2d) 466.

If the allegations made by appellee Stewart, based upon the assignment of corporate stock, of date January 19, 1928, sustains his third counter proposition, namely, "An acknowledgment in writing, signed by the party to be charged thereby, of an indebtedness evidenced by a judgment, will toll the statute of limitations applying to judgments, and take the case out of the operation of the statute of limitations," or his fourth counter proposition, namely, "The acknowledgment in writing of an indebtedness reduced to judgment suspends the running of the limitations between the date of the last execution and the date of such acknowledgment, and limitation of ten years begins to run from the date of said acknowledgment," or his fifth counter proposition, namely, "The acknowledgment in writing having been made prior to the date when the judgment would be barred, the judgment and new promise could not be sued on until said date, and action on said new promise accrued at said date, and was not barred until four years after the judgment became barred," then the judgment entered, both on the general demurrer and the merits of the case, was proper.

In addition to the allegations herein above set out in substance, appellee Stewart made the following allegations based upon said assignment of corporate stock:

"That thereafter, to wit, January 19, 1918, the said defendants formally executed and delivered to plaintiff their written acknowledgment and recognition of said indebtedness and judgment, and for the purpose of further securing plaintiff in the same, transferred and assigned to plaintiff all their interest in funds which defendants hoped would accrue to them in connection with the repayment to them of money which had been advanced by them in the promotion, construction and financing by Eastern Texas Traction Company, a corporation, formed to build an interurban railway from Dallas, Texas, to Greenville, Texas, or which would accrue to them, or either of them, in connection with their stock interest in such interurban railway enterprise, said assignment being as follows:

" 'State of Texas, County of Dallas.

" 'Know all men by these presents: That we, F. E. White and J. W. Crotty, for a valu-

able consideration, and in order to secure our indebtedness to R. H. Stewart, as evidenced in a certain judgment, of date 12th day of October, 1915, in cause No. 20333-B, entitled R. H. Stewart v. F. E. White et al., in the 44th District Court, Dallas County, Texas, in the sum of $3,570.00, with interest from its date at 10 per cent per annum, less credit arising from sale of collateral foreclosed upon in said judgment in the sum of $500.00, of date March 28, 1916, have assigned and herewith do assign to R. H. Stewart, all interest and funds which are to accrue to us or either of us in connection with the repayment to us of monies which have been advanced by us or either of us, in the promotion, construction and financing of Eastern Texas Traction Company, a corporation, formed to build an Interurban Railway to Greenville, Texas, or in connection with our stock interest therein, reference being hereby made to the books of said company and to all contracts which we have entered into, either with said company or with others touching its affairs.'

"That thereafter defendant Crotty, on January 4, 1918, independently acknowledged and recognized said indebtedness and judgment and transferred to plaintiff certain funds and interest as a further security for the. said indebtedness. * * * That plaintiff is the legal owner and holder of said judgment and the same is long since past due and wholly unpaid, and plaintiff is entitled to judgment upon the same against the defendants jointly and severally for his said indebtedness with interest, costs and general relief, because of the facts in this petition set forth."

Appellee Stewart prayed for relief, as follows: That the order dismissing cause No. 71911-A, be set aside, and that said cause be reinstated and made available to appellee for further prosecution; that he have judgment for his debt, interest, and costs of suit, and general relief. If the assignment of date January 19, 1918, be given the effect of an acknowledgment of the justness of the judgment in favor of appellee Stewart as a claim, so as to take it out of the operation of the law of limitation applicable to judgments, within the meaning of article 5539, Rev. St. 1925, his cause of action was not upon the judgment, but upon the acknowledgment as a new promise. This rule of law was announced in the case of Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661, as follows:

"If a cause of action appears on its face to be barred by the statute of limitations at the commencement of a suit, and the plaintiff relies upon a subsequent promise to remove the bar, he must allege that promise in his petition as the foundation of his action, and set out the original cause of action, only as the consideration for the subsequent promise. * * * It is of no importance, whether the subsequent promise was made before or after the bar was complete under the statute. If the plaintiff relied upon the subse-

quent promise to remove the bar, in either case, he must declare upon that promise in his petition." ·

■ To the same effect is the holding in the following cases: Leigh v. Linthecum, 30 Tex. 101; Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217; Cain v. Bonner et al., 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 874. Under the above authorities, appellee Stewart was required, if he relied upon the new promise, to have alleged that promise in plain and emphatic terms, as the basis of his cause of action; this he failed to do, as is demonstrated, not only by his petition, but by his interpretation thereof, as disclosed by his third, fourth, and fifth counter propositions, supra. Clearly, it appears therefrom that said cause of action was not based upon the new promise, in that appellee Stewart sought to recover upon and by virtue of it only, but to the contrary upon the judgment aided by said alleged new promise, under the theory that, notwithstanding the judgment had approximately eight years to run before becoming barred at the date of the alleged new promise, the effect of said new promise was held in abeyance until after the expiration of said period of eight years, whereby the bar of said judgment was completed, and that at that time said alleged new agreement had the effect to toll the statute of limitations, so as to prevent the judgment from becoming barred until after the expiration of four years after ten years had elapsed from the date of the issuance (prior to the making of said new promise) of the last execution; or, under his fourth counter proposition, that the execution of said transfer had the effect to suspend the statute of limitation between the date of issuance of the last execution and the date of such acknowledgment, and that such judgment would not become barred until the expiration of ten years from the date of said acknowledgment; or, under his fifth counter proposition, that the execution of said assignment, having been made prior to the date when the judgment would be barred, suit could not be maintained on said judgment and new promise until the completion of the bar of said judgment, and therefore no cause of action accrued on the new promise at the date said judgment became barred, and suit on said assignment was, therefore, not barred until four years after the bar of said judgment had been completed. Article 3773, Rev. St. 1925, in part reads:

"If no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the twelve months, the judgment shall not become dormant, * * * and execution may issue at any time within ten years after the issuance of the preceding execution."

■ Execution was issued on the judgment within twelve months after rendition; it did not become dormant, but became barred by the statute of limitation of ten years, through failure to issue another execution thereon within ten years from the date of the issuance of the last execution. Willis & Bro. v. Stroud, 67 Tex. 516, 3 S. W. 732, in which it is held: "A judgment is barred by limitation after the expiration of ten years from the date when the last execution thereon issued," and that "limitation upon a judgment does not begin to run from the date when it became dormant. Its period of dormancy can have no influence in fixing the date when the statute begins to run." See, also, Dupree v. Gale Mfg. Co., 107 Tex. 649, 184 S. W. 184. Article 5532, Rev. St. 1925, provides for the revival of a judgment as follows: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias, or an action of debt brought thereon within ten years after date of such judgment, and not after."

■■ By this article ample provision is made for the revival of a judgment that has become dormant at any time within 10 years after its date, and the two methods of procedure therein provided for are exclusive and excludes any other method that may be resorted to by the parties independent of court proceeding therein provided for. For such power is vested only in a court, to be exercised through a proceeding by scire facias, or an action of debt, available only where the judgment has become dormant by failure to have execution issued thereon within 12 months after rendition. From this it is apparent that no occasion could arise for resorting to either one of said proceedings to revive a judgment, where execution had issued thereon within 12 months from its date, for on the issuance of such primary execution a judgment will continue to be valid and subsisting for a period of 10 years from that date, and on the issuance of another execution within 10 years from the date of the last execution will continue for an additional 10 years, and so on indefinitely.

From the language of article 5532, supra, no other conclusion can be drawn than that the effect of same is to limit proceedings therein provided for, to revive a judgment by scire facias or an action of debt, to a judgment of a court of record that has become dormant by reason of the fact no execution issued thereon within 12 months from date of rendition, and that one of said proceedings must be instituted within 10 years from the date judgment becomes dormant, for, so long as a judgment has not become dormant, no occasion can arise for resorting to either one of the remedies provided by said article 5532, supra, as a simple specific and effective remedy is provided by article 3773, supra, by the

following provisions thereof: "An execution may issue at any time within ten years after the issuance of the preceding execution," to keep a judgment valid, subsisting and enforcible indefinitely. Therefore, where a judgment has not been permitted to become dormant, there could be no necessity for invoking either one of the remedies provided by article 5532, supra, to keep it alive, for its value, force, and effect as a judgment could not be in any respect added to by a proceeding to revive, for, being yet a valid and subsisting pronouncement by a court, determining the rights of the parties thereto, the mere issuance of an execution would extend the life of a judgment for 10 years from the date of the last execution. Even without said question having been heretofore determined by our Supreme Court, we think that the effect of articles 3773 and 5532, supra, is to deny to a plaintiff in a judgment the right to·resort to either one of the remedies given by article 5532, supra, to revive a judgment that was not dormant; however, the following decisions we think have so determined the effect of said article:

Parks v. Young, 75 Tex. 278, 279, 12 S. W. 986, 987, in which this language is used: "We know of no authority for bringing a second action upon a judgment that is not dormant. In the district court such a suit has been permitted in order to re-establish a lien that had been lost; but even that practice would hardly now be allowed, since existing statutes provide for fixing a lien by filing an abstract of the judgment. A defendant should not be subjected to the costs of a second suit on a judgment upon which execution may issue. Besides, the courts do not sit to do a futile act."

From Wilcox v. First National Bank, 93 Tex. 322, 55 S. W. 317, 321, we quote as follows: "We think, therefore, that, in providing for the continuance of a lien acquired by recording and indexing an abstract of a judgment, the legislature proceeded upon the theory that the common-law rule as to the dormancy of the judgment would apply, and that, when an execution had issued within a year from its rendition, it would need to be revived neither by scire facias nor action of debt."

As being directly in point, see Stevens v. Stone, 94 Tex. 415, 60 S. W. 959, 86 Am. St. Rep. 861, from which we quote as follows: "Where no advantage can accrue to a plaintiff in a judgment by a second suit upon it, we fail to see that there is any propriety in allowing such suit. It is a narrow view of the subject, as we think, to say that the judgment is an evidence of debt, and that a debt will support a cause of action. The purpose of judicial actions is to afford remedies for the enforcement of rights, and, where the result of a suit prosecuted to success is to give the plaintiff no better remedy for the enforcement

of his right than he had before, no reason other than a technical one can exist for permitting its prosecution. Since equity discourages a multiplicity of suits, and will, in a proper case, enjoin vexatious litigation, and since, under our blended system, equitable principles in every case have their full scope and effect, it would seem that our courts should never allow a suit upon a judgment unless it should be made to appear that the second judgment would be more efficacious than the first. * * * Therefore we are inclined to hold with the intimation of this court in former cases (Johnson v. Murphy's Adm'rs, 17 Tex. 216; Parks v. Young, 75 Tex. 278, 12 S. W. 986), that a judgment creditor cannot maintain an action upon his judgment without showing some advantage to be gained thereby. But, however that may be, we are clearly of opinion that, where it is made to appear that a second judgment may be in any respect more available than the first, the action should be allowed."

See the opinion in this case for a state of facts upon which it was held that a second judgment would be more available, and therefore cause of action could be sustained, although the judgment had never become dormant. But such a showing was not in any respect made in the instant case.

 Was it within the power of the parties to the judgment to do that which they could not have accomplished by resorting to an action in a court of competent jurisdiction? We think not. For it not being within the power of a court under orderly procedure, according to the established forms of law, to have extended the period of limitation of or to have revived the judgment, then under what principle of law could the parties to this suit prolong the validity of the judgment by the execution of an agreement for the purpose of extending the period of limitation beyond that fixed by law, such agreement to be exercised independent of court proceedings thereon? None that we know of. It is true that a judgment barred by the statute of limitation is a sufficient consideration to support a new promise for the payment of the amount due on such judgment, and a cause of action may be maintained on such new promise, but not upon the judgment. The statute of limitation put in motion against a judgment cannot be suspended or in any respect prolonged by the making of a new promise; for the making of a new promise to pay a claim, either before or after the completion of the bar of such claim, creates a cause of action upon the new promise, and the statute of limitation applicable to such new promise can only be invoked, which, in the instant case, is four years, and was put in motion on the date of the making of the alleged new promise, as no date was fixed therein for its performance. Coles v. Kelsey, supra.

On the trial of this cause on its merits, appellee Stewart established all of the material allegations contained in his petition, as above set forth, and it affirmatively appearing, both from the allegations contained in the petition and by the proof introduced on the trial, that the judgment of date October 12, 1915, was barred by the statute of ten years' limitation, and that the alleged new promise was barred by the statute of four years' limitation, when the petition was filed in this cause, judgment should have been rendered for appellant. Therefore the judgment of the court below is reversed and judgment is rendered in favor of appellant, that he go hence without day and recover of and from appellee Stewart all costs incurred in the trial court and in this court.

Reversed and rendered.